**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2185

GEORGE DAVID ANGELICH,

Plaintiff - Appellant,

v.

MEDTRUST,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:13-cv-00042-LMB-TCB)

Submitted: April 22, 2014          Decided: May 13, 2014

Before SHEDD and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Carl L. Crews, C. LOWELL CREWS, ATTORNEY AT LAW, PLLC, Arlington, Virginia, for Appellant. Paul W. Mengel III, Brian F. Wilbourn, Nichole L. DeVries, PILIEROMAZZA PLLC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George David Angelich filed a tort action arising under Virginia law against his former employer, MedTrust. For reasons stated from the bench, the district court granted summary judgment in favor of MedTrust on all claims and denied Angelich's motion for a continuance. We affirm.

This court "review[s] the district court's award of summary judgment de novo, and consider[s] the evidence and all inferences fairly drawn from the evidence in the light most favorable to [the nonmoving party]." Carnell Constr. Corp. v. Danville Redev. & Hous. Auth., 745 F.3d 703, 716 (4th Cir. Mar. 6, 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Under Virginia law, an at-will employee, such as Angelich, cannot establish a cause of action for wrongful discharge unless his termination resulted from the employer's violation of public policy. Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (Va. 1985). We conclude that Angelich

failed to demonstrate a genuine issue of material fact as to MedTrust's violation of any such public policy.

Summary judgment was appropriate on the remaining grounds because Angelich failed to show that MedTrust made a false statement, see Jordan v. Kollman, 612 S.E.2d 203, 206 (Va. 2002) ("True statements do not support a cause of action for defamation."), intentionally interfered with a business expectancy, see Dunlap v. Cottman Transmission Sys., LLC, 754 S.E.2d 313, 318 (Va. 2014) (providing elements of cause of action for tortious interference with business expectancy), or engaged in conduct that was outrageous and intolerable, see Harris v. Kreutzer, 624 S.E.2d 24, 33 (Va. 2006) (providing elements of intentional infliction of emotional distress). Finally, we conclude that the district court did not abuse its discretion in denying Angelich's motion for a continuance.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3